UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                   )
IRENE CAPPALLI, individually and   )
on behalf of all others similarly  )
situated,                          )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 10-407 S
                                   )
BJ'S WHOLESALE CLUB, INC.,         )
        Defendant.                 )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff Irene Cappalli filed this putative class action against Defendant BJ's Wholesale Club ("BJ's"), alleging breach of contract and, in the alternative, an equitable claim of money had and received. The Complaint challenges BJ's practice of causing its 12-month membership renewals to expire less than 12 months from the date of purchase. Defendant moves to dismiss the action for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is DENIED.

I.  Background

The Complaint alleges that BJ's contractually agreed to provide 12-month memberships to Cappalli and others in the putative class in exchange for a membership fee. (Compl. ¶ 24.)

Cappalli and other class members paid the membership fee, according to the Complaint, but BJ's did not provide them with a full 12-month membership. (Id.) Specifically, the Complaint illustrates BJ's breach by describing the facts surrounding Cappalli's membership renewal on two separate occasions. In one instance, Cappalli's membership expired in January 2007, and when she renewed it on February 15, 2007, BJ's set an expiration date of January 2008. (Id. ¶¶ 11, 12.) In another, Cappalli's membership expired on January 31, 2009, and when she renewed it on February 12, 2009, BJ's set an expiration date of January 2010, once again allegedly failing to provide Cappalli with a full 12-month membership. (Id. ¶ 12.) Cappalli alleges that BJ's failure to live up to its end of the bargain constitutes a breach of contract and that she incurred damages as a result. (Id. ¶¶ 25, 26.)

II. Discussion

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to allege "a short and plain statement of the claim" demonstrating the plaintiff's entitlement to relief. Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the facts alleged in a complaint must "raise a right to relief above the speculative level" such that it is plausible that relief may be

granted. Citibank Global Mkts., Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009).

In ruling on a Rule 12(b)(6) motion, a court accepts all well-pleaded facts on the face of the complaint as true and draws all reasonable inferences in favor of the non-moving party. McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006). In addition to the complaint, "[w]hen . . . a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings" and the court may therefore consider it in ruling on a motion to dismiss. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998)).

A.  Breach of Contract Claim

BJ's contends that the breach of contract claim must be dismissed because the Complaint refers repeatedly to Cappalli's 12-month membership, but fails to more specifically identify the underlying contract, the terms of the contract, or the date of the contract.

This Court recently addressed the relaxed pleading requirements of Rule 8 in W. Reserve Life Assur. Co. of Ohio v. Conreal LLC, recognizing that "in pleading the existence of an

3

express written contract, the plaintiff, at her election, may set it forth verbatim in the complaint, attach a copy as an exhibit, or plead it according to its legal effect." 715 F. Supp. 2d 270, 288 (D.R.I. 2010) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1235 (3d ed. 2010)).

Here, Plaintiff adequately pleaded the legal effect of the alleged contract. The Complaint alleges the agreement between the parties (see Compl. ¶ 24 ("BJ's Wholesale contractually agreed to extend 12-month membership periods to Plaintiff . . . .")); alleges that a breach occurred (see id. ¶ 25 ("By failing to provide Plaintiff and the members of the Class with a full 12-month membership period after collecting membership fees from them, BJ's Wholesale breached its contract[] with Plaintiff . . . .")); and alleges damage to Plaintiff resulting from the breach (see id. ¶ 26 ("As a result . . . Plaintiff [has] been damaged.")). Even under the cases cited by Defendant, Plaintiff has clearly satisfied the Rule 8 pleading standard. See, e.g., Gorman v. St. Raphael Acad., 853 A.2d 28, 33 (R.I. 2004) (noting that "findings of offer, acceptance, consideration and breach" are necessary to establish a breach of contract); Trombley v. Bank of America Corp., 675 F. Supp. 2d 266, 269 (D.R.I. 2009) (holding that, under Delaware law, a plaintiff must plead the following to establish a breach

4

of contract claim: "the existence of the contract," breach of the contract, and damage to the plaintiff). Simply put, it is sufficient to plead the "legal effect" of the contract, and Plaintiff did as much in her Complaint. See Wright & Miller, Federal Practice & Procedure § 1235.

In addition to attacking the specificity of the pleading, BJ's argues that the Complaint does not adequately allege a breach of contract cause of action because the parties agreed upon the terms of BJ's renewal policy, as it is set forth in BJ's Membership Privileges and Conditions. In support of this argument, BJ's attaches to its motion what it purports to be the Membership Privileges and Conditions effective in January 2007 and 2009 (collectively, the P&Cs).[1] (See Ex. C to Aff. of Carol E. Head, ECF No. 13-3; Ex. D to Aff. of Carol E. Head, ECF No. 13-4.)

This argument falls flat. There is no evidence before the Court that the P&Cs represent the contracts between the parties. The Complaint does not expressly refer to a written contract

---

[1] In its motion to dismiss, BJ's notes in passing that the voluntary payment doctrine precludes Cappalli from recovering because she repeatedly renewed her membership despite BJ's membership renewal policy. Pressing such a defense is premature. The voluntary payment doctrine "bars recovery of payments voluntarily made 'with full knowledge of the facts.'" Solomon v. Bell At. Corp., 9 A.D.3d 49, 55 (N.Y. App. Div. 2004). The Complaint does not allege that Cappalli was fully aware of BJ's policy when she subsequently renewed her membership, and therefore, this defense does not bar Cappalli's claim on a motion to dismiss.

5

between the parties and the P&Cs, on their face, do not indicate that BJ's and Cappalli agreed to be bound by their terms, or even that BJ's provided notice to Cappalli of their terms.[2] If for example, Cappalli had signed the P&Cs, then the result might be different, but because the Complaint does not suggest that the P&Cs governed the contractual relationship between Cappalli and BJ's, and because the P&Cs do not conclusively show as much, the Court may not consider them in deciding this motion. See Trans-Spec Truck, 524 F.3d at 321 (noting that on decision of a 12(b)(6) motion, a court may consider a document beyond the Complaint when its factual allegations are "expressly linked to" and "dependent upon" the document).[3]

Similarly, although the parties discuss at length the effect of a renewal notice sent to Cappalli around January or February of 2007, asking Cappalli to renew her BJ's membership

---

[2] The affidavit attaching the P&Cs to the motion to dismiss avers that they are "true and correct" copies, but not that Cappalli was notified of or signed the documents. (See Aff. of Carol E. Head, ECF No. 13, ¶¶ 4, 5.) Indeed, the Complaint alleges that BJ's did not notify customers or obtain their consent with respect to the policy at issue. (Compl. ¶ 14.)

[3] Further buttressing the Court's conclusion here, during hearing on this motion, the parties indicated that it is likely that Cappalli never signed a written contract, but more likely that she orally agreed to be a BJ's member in the store. While the Court is confined to the Complaint, and therefore does not take these representations as true for purposes of this motion, they suggest that discovery is necessary to determine whether the P&Cs, other written documents, or oral contracts made at the store controls the contractual relationship between the parties.

"for a year" in exchange for a fee of $45.00, the Complaint does not suggest that the renewal notice formed the basis of any contract between BJ's and Cappalli. While the renewal notice is arguably an offer to renew, neither the Complaint nor the notice itself indicates that Cappalli accepted this offer. Therefore, the renewal notice is of no moment to the sufficiency of the allegations set forth in the Complaint.

B. Equitable Claim for Money Had and Received

BJ's also argues that the Complaint fails to state a claim for money had and received because money had and received is an equitable cause of action available only to a plaintiff who lacks an adequate remedy at law. In support of this argument, Defendant relies on <u>Okmyansky v. Herbalife Int'l of Am., Inc.</u>, in which the First Circuit, applying Massachusetts law in the context of a motion for summary judgment, stated that where the plaintiff conceded the existence of an express contract, the contract barred the application of equitable doctrines. 415 F.3d 154, 162 (1st Cir. 2005).

Defendant's argument fails for two reasons. First, because the Complaint neither alleges an express contract, nor incorporates by reference the terms of an express contract, the Court cannot conclude that such an express contract controls the relationship between Cappalli and BJ's. Second, even if an express contract did exist between the parties, it is

7

permissible under Rhode Island law to plead an equitable cause of action in the alternative where an express contract exists. See Hasbro, Inc. v. Mikohn Gaming Corp., No. Civ. A. 05-106 S, 2006 WL 2035501, at *8 (D.R.I. July 18, 2006) (recognizing that the "Rhode Island Supreme Court has approved of parties proceeding to trial with alternate claims for breach of contract and unjust enrichment" (citing Richmond Square Capital Corp. v. Ins. House, 744 A.2d 401, 402 (R.I. 1999) and K & K Constr., Inc. v. City of Warwick, 693 A.2d 1038, 1039 (R.I. 1997))). Therefore, Plaintiff may plead money had and received in the alternative to her breach of contract claim.

Defendant's argument attacking the specificity with which Cappalli pleaded her claim for money had and received is similarly baseless. An action for money had and received "is maintainable whenever one person has money which in equity and good conscience belongs to another." Fuscellaro v. Indus. Nat'l Corp., 117 R.I. 558, 564 (R.I. 1977). The money-had-and-received count alleges that "[b]y collecting membership fees from Plaintiff and the members of the Class and failing to provide them with full 12-month membership periods in exchange, BJ's Wholesale is retaining money that in justice it should not retain and that in equity and good conscience it should pay to Plaintiff . . . ." (Compl. ¶ 28.) The facts alleged in the Complaint, in particular those facts alleging that BJ's

collected membership fees for 12-month memberships, but then did not provide its members with 12 months worth of benefits, adequately lay the foundation for a claim to relief.

III. Conclusion

For the reasons set forth above, Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: June 29, 2011