UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
IRENE CAPPALLI, individually and    )
on behalf of all others similarly   )
situated,                           )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 10-407 S
                                    )
BJ'S WHOLESALE CLUB, INC.,          )
                                    )
        Defendant.                  )
_____)

## ORDER

WILLIAM E. SMITH, United States District Judge.

The Court has reviewed Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and supporting Memorandum, the Stipulation of Settlement and the Joint Addendum thereto, and the record in this case. For the reasons set forth below, the Court conditionally certifies the class and preliminarily approves the proposed settlement.[1]

I.  Certification of the Class

The Court conditionally certifies, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All Persons in the United States who, during the Class Period, (1) purchased a renewal membership from BJ's

---

[1] A copy of this Order shall be made available on the settlement website.

at least sixteen days after the expiration of their prior memberships, (2) whose renewal memberships were deemed to expire less than twelve months from the date of purchase, and (3) whose claims are not barred by applicable state statute of limitations. The applicable state statutes of limitations shall be determined by the state in which each purchase occurred and bar claims for purchases in those states prior to the following dates: Delaware (October 1, 2007); Maryland (October 1, 2007); New Hampshire (October 1, 2007); North Carolina (October 1, 2007); Pennsylvania (October 1, 2006); Florida (October 1, 2005); Virginia (October 1, 2005); Connecticut (October 1, 2004); Georgia (October 1, 2004); Maine (October 1, 2004); Massachusetts (October 1, 2004); New Jersey (October 1, 2004); New York (October 1, 2004); Ohio (October 1, 2002); Rhode Island (October 1, 2000).

Excluded from the Settlement Class are (1) BJ's, any parent, subsidiary, or affiliate of BJ's, any entity in which BJ's has or had a controlling interest, or which BJ's otherwise controls or controlled, and any officer, director, employee, legal representative, predecessor, successor, or assignee of BJ's, and (2) any justice, judge, or magistrate judge of the United States who has heard or presided over the Action, and anyone related to them, as defined in 28 U.S.C. § 455.

For purposes of the foregoing class definition, "Persons" includes all natural persons and entities.

The Court finds that conditional certification of the class for settlement purposes is warranted because there is a reasonable basis to believe that (1) the class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the class; (3) Plaintiff's claims are typical of the class; (4) Plaintiff and Class Counsel will fairly and adequately protect the interests of the class; (5) common

questions predominate over any questions affecting only individual members of the class; and (6) a class action is superior to other means of adjudication.  <u>See</u> Fed. R. Civ. P. 23(a) and (b)(3).  However, with respect to the fourth item, counsel should be prepared to address at the Final Approval Hearing the nature of the employment relationship between Plaintiff Irene Cappalli and Class Counsel Peter Wasylyk.

The Court appoints Cappalli as Class Representative of the Settlement Class.

The Court appoints the law firm of Stanley • Iola, LLP and attorney Marc R. Stanley as Lead Class Counsel, and the Law Offices of Peter N. Wasylyk and the Law Office of Andrew Kierstead as additional Class Counsel, to the Settlement Class.

The certification of the class pursuant to this Order is for settlement purposes only and is conditioned upon the Court granting final approval of this settlement after notice to the class, consideration of objections, if any, and consideration of all other matters the Court deems relevant.  In the event the Court denies final approval of this settlement, the certification of the class pursuant to this Order is withdrawn, without prejudice to further motion by the parties pursuant to Rule 23.

II.  Fairness of the Settlement

The Court finds that the proposed settlement, as set forth in the parties' Stipulation of Settlement and the Joint Addendum to Stipulation of Settlement, appears to be fair, reasonable, and adequate. It appears to have been entered into at arm's-length by highly experienced counsel. The Court therefore preliminarily approves the proposed settlement.

III. Notice to Potential Class Members

The Court also approves the form and content of the proposed Class Notice, (see Ex. C to Joint Addendum to Stipulation of Settlement 8-21, ECF No. 101-3), and approves the parties' proposal to distribute the Class Notice as set forth in the Stipulation of Settlement and the Joint Addendum to Stipulation of Settlement.[2] The Court finds that the parties' proposal constitutes the best notice practicable under the circumstances and complies fully with the notice requirements of due process and Rule 23. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 174-75 (1974); Fed. R. Civ. P. 23(c)(2)(B).[3]

The Court approves the parties' proposed schedule for dissemination of the Class Notice, requesting exclusion from the

---

[2] Where there is any inconsistency between the Stipulation of Settlement and this Order, the latter controls.

[3] Other courts have reached this same conclusion regarding notice plans developed by Kurtzman Carson Consultants, the firm the parties have retained in this case. (See Supplemental Decl. of Carla A. Peak on Settlement Notice Plan and Notices 16-17, ECF No. 102 (citing cases).)

Settlement Class or objecting to the settlement, submitting papers in connection with final approval, and the Final Approval Hearing, as follows:

- 14 days after order preliminarily approving settlement: direct notice to identified class members mailed or emailed, as appropriate
- 45 days after order preliminarily approving settlement: publication notice to class provided
- 45 days after publication notice: deadline for opt-outs, objections, notices of appearance, and submission of claim forms
- 5 days after notice completed: affidavit regarding mailing and publication due from BJ's
- 10 court days before Final Approval Hearing: declaration listing Conditional Class Members, if any, who submitted valid requests for exclusion due from BJ's
- 5 court days before Final Approval Hearing: Cappalli to file motion for final approval
- 5 court days before Final Approval Hearing: responses to objections due
- approximately 60 days after publication notice: Final Approval Hearing

IV. Settlement Administration

The Court approves Kurtzman Carson Consultants as settlement administrator, with the responsibilities set forth in the Stipulation of Settlement and the Joint Addendum to Stipulation of Settlement.

As described in the Notice to the Class, any member may opt out of the class by mailing a completed Request for Exclusion to Class Counsel and Defense Counsel within forty-five days after publication notice.  Persons that request exclusion from the

class shall not be entitled to the benefits of the settlement, nor be bound by any judgment.

Any potential member of the class that does not properly and timely mail a Request for Exclusion shall be included in the class and shall be bound by all the terms and provisions of the Stipulation of Settlement, whether or not such class member shall have objected to the settlement.

V.   Final Approval Hearing

A Final Approval Hearing (also called a Fairness Hearing) is hereby scheduled to be held on December 12, 2013, before the undersigned at the Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903, Courtroom 2, to consider the fairness, reasonableness, and adequacy of the Stipulation of Settlement, as well as the issue of class certification.

Any member of the class that has not filed a timely Request for Exclusion may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement. However, in order to be heard in opposition to the settlement, a member must, consistent with the deadlines set forth above, file with the Clerk of the Court, and serve on Class Counsel and Defendant's Counsel, a notice of such person's intention to

appear as well as a statement that indicates the basis for such person's opposition to the Stipulation of Settlement, and any documentation in support of that opposition.

The date and time of the Final Approval Hearing shall be set forth in the Notice, but shall be subject to adjournment by the Court without further notice to the members of the class other than which may be posted at the Court, on the Court's website, and on Class Counsel's website.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  August 15, 2013